UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAXIANG WEI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) Case No. |
| Plaintiff, | ) ) ) |
| v. | ) CLASS ACTION COMPLAINT ) ) |
| PINDUODUO INC., ZHENG HUANG, TIAN XU, LEI CHEN, ZHENWEI ZHENG, JUNYUN XIAO, HAIFENG LIN, ZHEN ZHANG, NANPENG SHEN, AND JIANMING YU, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Jiaxiang Wei ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, United States Securities and Exchange Commission ("SEC") filings, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the securities of Pinduoduo Inc. ("Pinduoduo") pursuant and/or traceable to the Company's July 26, 2018 initial public

offering (the "IPO" or the "Offering").  Plaintiff pursues claims against the Defendants, under the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77 et seq..

2.      Pinduoduo is an e-commerce platform allowing users to participate in group buying deals.  The Company was founded in 2015 and is based in Shanghai, China.  Since July 26, 2018, Pinduoduo's American depositary shares ("ADSs") have traded on the NASDAQ under the ticker symbol "PDD".

3.      On or around July 26, 2018, Pinduoduo completed its IPO, offering 85.6 million ADSs priced at $19.00 per share and raising $1.63 billion.

4.      In the Registration Statement and Prospectus (defined below) issued in connection with Pinduoduo's IPO, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Pinduoduo's controls were ineffective to present third-party vendors from selling counterfeit goods on the Company's online platform; (ii) consequently, Pinduoduo's revenues and the number of active merchants using its platform were traceable in part to unlawful conduct and thus unsustainable; and (iii) as a result, Pinduoduo's public statements were materially false and misleading at all relevant times.

5.      On July 31, 2018 and August 1, 2018, media outlets reported that China's State Administration for Market Regulation was investigating Pinduoduo after reports of third-party vendors selling counterfeit goods on the Company's group-discounting website.

6.      On this news, the price of Pinduoduo ADSs fell $2.28, or 10.09%, to close at $20.31 on August 1, 2018.

7.      At the time of this filing, Pinduoduo's ADS price has not recovered, and currently trades below $19.00 per share.

8.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v)

11.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 22 of the Securities Act (15 U.S.C. § 77v).  Pinduoduo's ADSs trade on the NASDAQ, located within this Judicial District.

12.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

13.     Plaintiff, as set forth in the attached Certification, acquired Pinduoduo's securities at artificially inflated prices pursuant and/or traceable to the Company's IPO and was damaged upon the revelation of the alleged corrective disclosures.

14.     Defendant Pinduoduo is incorporated in the Cayman Islands, with principal executive offices located at 28/F, No. 533 Loushanguan Road, Changning District, Shanghai, 200051, People's Republic of China.  Pinduoduo's ADSs trade on the NASDAQ under the ticker symbol "PDD."

15.     Defendant Zheng Huang ("Huang") has served at all relevant times as the Company's Chief Executive Officer and Chairman of the Board of Directors.  Huang reviewed, contributed to and signed the Registration Statement.

16.     Defendant Tian Xu ("Xu") has served at all relevant times as the Company's Principal Financial and Accounting Officer.  Xu reviewed, contributed to and signed the Registration Statement.

17.     Defendant Lei Chen ("Chen") was a Director of Pinduoduo at the time of the IPO.  Chen reviewed, contributed to and signed the Registration Statement.

18.     Defendant Zhenwei Zheng ("Zheng") was a Director of Pinduoduo at the time of the IPO.  Zheng reviewed, contributed to and signed the Registration Statement.

19.     Defendant Junyun Xiao ("Xiao") was a Director of Pinduoduo at the time of the IPO.  Xiao reviewed, contributed to and signed the Registration Statement.

20.     Defendant Haifeng Lin ("Lin") has served at all relevant times as a Director of Pinduoduo.  Lin reviewed, contributed to and signed the Registration Statement.

21.     Defendant Zhen Zhang ("Zhang') has served at all relevant times as a Director of Pinduoduo.  Zhang reviewed, contributed to and signed the Registration Statement.

22.     Defendant Nanpeng Shen ("Shen") has served at all relevant times as a Director of Pinduoduo.  Shen reviewed, contributed to and signed the Registration Statement.

23.     Defendant Jianming Yu ("Yu") was a Director of Pinduoduo at the time of the IPO.  Yu reviewed, contributed to and signed the Registration Statement.

24.     The Defendants referenced above in ¶¶ 15-23 are sometimes referred to herein as the "Individual Defendants."

25.     The Individual Defendants possessed the power and authority to control the contents of Pinduoduo's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

26.     Pinduoduo is an e-commerce platform allowing users to participate in group buying deals.  The Company is headquartered in Shanghai, China.

27.     On May 7, 2018, Pinduoduo filed a draft registration statement on Form DRS with the SEC.  The registration statement was subsequently amended several times, with the final amended registration statement filed on Form F-1/A on July 24, 2018 (collectively, the "Registration Statement").

28.     The Registration Statement contained a preliminary prospectus.  The final prospectus (the "Prospectus") was filed with the SEC on July 26, 2018.

29.     On July 25, 2018, the SEC declared the Registration Statement effective.

30.     On or about July 26, 2018, Pinduoduo completed its IPO, offering 85.6 million ADSs, priced at $19.00 per share, and raising $1.63 billion.

### Materially False and Misleading Statements Issued

31.     On July 26, 2018, Pinduoduo filed its Prospectus, which forms part of the

Registration Statement, with the SEC.  In the Prospectus, Pinduoduo stated, in relevant part:

**Our Business**

We are an innovative and fast growing "new e-commerce" platform that provides
buyers with value-for-money merchandise and fun and interactive shopping
experiences. Our *Pinduoduo* mobile platform offers a comprehensive selection of
attractively priced merchandise, featuring a dynamic social shopping experience
that leverages social networks as an effective and efficient tool for buyer
acquisition and engagement. As a result of our innovative business model, we
have been able to quickly expand our buyer base and establish our brand
recognition and market position. We are one of the leading Chinese e-commerce
players in terms of GMV and the number of total orders. Our GMV in 2017 and
the twelve-month period ended June 30, 2018 was RMB141.2 billion and
RMB262.1 billion (US$41.8 billion), respectively. In 2017 and the twelve-month
period ended June 30, 2018, the number of total orders placed on
our *Pinduoduo* mobile platform reached 4.3 billion and 7.5 billion, respectively.

\* \* \* \* \*

Our large and highly active buyer base has helped attract merchants to our
platform, and the scale of our sales volume has encouraged merchants to offer
even more competitive pricing and customized products and services to buyers,
thus forming a virtuous cycle. In the twelve-month period ended June 30, 2018,
we had 1.7 million active merchants on our platform, offering a broad range of
product categories.

32.     With respect to the sale of counterfeit goods, Pinduoduo offered merely the

following non-specific representations:

**Any harm to our brand or reputation may materially and adversely affect
our business and results of operations.**

We believe that the recognition and reputation of our *Pinduoduo or "拼多多"*
brand among our buyers, merchants and third-party service providers have
contributed significantly to the growth and success of our business. Maintaining
and enhancing the recognition and reputation of our brand are critical to our
business and competitiveness. Many factors, some of which are beyond our
control, are important to maintaining and enhancing our brand. These factors
include our ability to:

- provide a superior shopping experience to buyers;

- maintain the popularity, attractiveness, diversity, quality and authenticity of our product offerings;

- maintain the efficiency, reliability and quality of the fulfillment and delivery services to our buyers;

- maintain or improve buyers' satisfaction with our after-sale services;

- increase brand awareness through marketing and brand promotion activities; and

- preserve our reputation and goodwill in the event of any negative publicity on consumer experience or merchant service, internet and data security, product quality, price or authenticity, or other issues affecting us or other e-commerce businesses in China.

Public perception that counterfeit, unauthorized, illegal, or infringing products are sold on our platform or that we or merchants on our platform do not provide satisfactory consumer services, even if factually incorrect or based on isolated incidents, could damage our reputation, diminish the value of our brand, undermine the trust and credibility we have established and have a negative impact on our ability to attract new buyers or retain our current buyers. If we are unable to maintain our reputation, enhance our brand recognition or increase positive awareness of our platform, products and services, it may be difficult to maintain and grow our buyer base, and our business and growth prospects may be materially and adversely affected.

33.     The statements referenced in ¶¶ 31-32 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Pinduoduo's controls were ineffective to present third-party vendors from selling counterfeit goods on the Company's online platform; (ii) consequently, Pinduoduo's revenues and the number of active merchants using its platform were traceable in part to unlawful conduct and thus unsustainable; and (iii) as a result, Pinduoduo's public statements were materially false and misleading at all relevant times.

7

**The Truth Begins to Emerge**

34.     On July 31, 2018 and August 1, 2018, media outlets reported that China's State Administration for Market Regulation was investigating Pinduoduo after reports of third-party vendors selling counterfeit goods on the Company's group-discounting website. *Reuters* reported, in part:

> Chinese regulators are investigating Pinduoduo Inc. after media reports of third-party vendors selling counterfeit goods on its group-discounting marketplace, a move analysts said is likely to further batter the firm's newly listed shares.
>
> The probe comes just days after the Shanghai-based startup raised $1.63 billion in the year's second-biggest U.S. listing by a Chinese firm, which valued Pinduoduo at $23.8 billion.
>
> The State Administration for Market Regulation said on its website that it will interview staff at the three-year-old firm and deal seriously with any illegal practices, such as the failure to remove listings featuring counterfeit goods.

35.     On this news, the price of Pinduoduo ADSs fell $2.28, or 10.09%, to close at $20.31 on August 1, 2018.

36.     At the time of this filing, Pinduoduo's ADS price has not recovered, and currently trades below $19.00 per share.

37.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

38.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Pinduoduo securities pursuant and/or traceable to the Company's IPO (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded

from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

39.     The members of the Class are so numerous that joinder of all members is impracticable.  Pinduoduo securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Pinduoduo or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

40.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

41.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

42.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public misrepresented material facts about the business, operations and management of Pinduoduo;

- whether the Individual Defendants caused Pinduoduo to issue false and misleading financial statements;

- whether the prices of Pinduoduo securities were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

43.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

### COUNT I

**Violation of Section 11 of the Securities Act**
**(Against All Defendants)**

44.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against the Defendants.

46.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

47.     Pinduoduo is the registrant for the IPO. The Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

48.     As issuer of the shares, Pinduoduo is strictly liable to Plaintiff and the Class for the misstatements and omissions.

49.     None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

50.     By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

51.     Plaintiff acquired Pinduoduo shares pursuant and/or traceable to the Registration Statement for the IPO.

52.      Plaintiff and the Class have sustained damages. The value of Pinduoduo ADSs has declined substantially subsequent to and due to the Defendants' violations.

**COUNT II**

**Violation of Section 15 of the Securities Act**
**(Against the Individual Defendants)**

53.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

54.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

55.     The Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Pinduoduo within the meaning of Section 15 of the Securities Act. The Individual Defendants had the power and influence and exercised the same to cause Pinduoduo to engage in the acts described herein.

56.     The Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

57.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: August 21, 2018                          Respectfully submitted,

                                                **POMERANTZ LLP**

                                                */s/ Jeremy A. Lieberman*
                                                Jeremy A. Lieberman
                                                J. Alexander Hood II
                                                600 Third Avenue, 20th Floor
                                                New York, New York 10016
                                                Telephone:  (212) 661-1100
                                                Facsimile:  (212) 661-8665
                                                Email:  jalieberman@pomlaw.com
                                                          ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*

**CERTIFICATION PURSUANT
TO FEDERAL SECURITIES LAWS**

1.  I, _____Jiaxiang Wei_____ , make this declaration pursuant to

Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the

Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation

Reform Act of 1995.

2.  I have reviewed a Complaint against Pinduoduo, Inc. ("Pinduoduo" or the "Company")

and authorize the filing of a comparable complaint on my behalf.

3.  I did not purchase or acquire Pinduoduo securities at the direction of plaintiffs' counsel or

in order to participate in any private action arising under the Securities Act or Exchange Act.

4.  I am willing to serve as a representative party on behalf of a Class of investors who

purchased or acquired Pinduoduo securities during the class period, including providing testimony

at deposition and trial, if necessary.  I understand that the Court has the authority to select the most

adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in

Pinduoduo securities during the Class Period as specified in the Complaint.

6.  During the three-year period preceding the date on which this Certification is signed, I

have not sought to serve as a representative party on behalf of a class under the federal securities

laws.

7.  I agree not to accept any payment for serving as a representative party on behalf of the

class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable

costs and expenses directly relating to the representation of the class as ordered or approved by the

Court.

8.  I declare under penalty of perjury that the foregoing is true and correct.

Executed ___8/3/2018___
               **(Date)**

_____
**(Signature)**

___Jiaxiang   Wei___
**(Type or Print Name)**

**PINDUODUO, INC. (PDD)**                                                              **Wei, Jiaxiang**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|---|---|---|---|
| 7/26/2018 | Purchase | 500 | $26.6000 |